The Roberts Company, Inc. v. Commissioner.
Roberts Co. v. Commissioner
Docket No. 5524.
United States Tax Court
1945 Tax Ct. Memo LEXIS 121; 4 T.C.M. (CCH) 692; T.C.M. (RIA) 45222; June 30, 1945
John H. Freeman, Esq., for the petitioner. Frank B. Schlosser, Esq., for the respondent. HARRON Memorandum sur Order of Decision HARRON, Judge: The Findings of Fact and Opinion in this proceeding was promulgated on May 2, 1945, with the direction that the decision would be entered under Rule 50. The parties have filed their respective recomputations of income tax liability under Rule 50 and hearing was held on June 27, 1945. Petitioner's recomputation is in accordance with the conclusion stated on page 9 of the report to the effect that the interests in land which were received by attorneys from John and Benjamin *122 Roberts represented capital expenditures made by John and Benjamin Roberts. At the hearing under Rule 50 on the recomputations, respondent did not argue that the facts did not support the conclusion that the attorneys' fees did not constitute capital expenditures. [The Facts] The facts in this proceeding were stipulated. Exhibits were received in evidence under the stipulation. From the stipulated facts and from the exhibits attached, the finding of fact was made that John R. Roberts and Benjamin G. Roberts, two of the sons of the deceased, made a contingent fee agreement with the law firm of Jones, Fuller & Clapp, wherein the fee to be paid to the attorneys for their services in defense of claims against properties in the estate would be paid by John and Benjamin out of the property which they recovered, as heirs of the estate, upon disposition of the litigation and claims against properties in the estate. It has appeared to be unnecessary to make any more detailed findings of fact with respect to the employment of attorneys by John and Benjamin than has been made. The parties have not filed any motion to amend, correct or add to the findings of fact. It appears that the *123 findings which have been made give a fair and sufficient exposition of the facts. It is our understanding that the attorneys in question were not employed by the estate. It is also our understanding that the eventual determination of what property John and Benjamin received was the result of the efforts of their attorneys. Prior to the employment of the attorneys there was a possibility that claims against the estate would entirely absorb the assets and that John and Benjamin would not receive any distribution of property from the estate. It follows that the expenses of obtaining the services of attorneys were cost of obtaining the property to John and Benjamin. There were large money claims against the estate and, as we understand the facts, there was a claim of an interest in the real property in the estate. The attorneys' services were devoted to freeing the property from liens, and, thereby, preserving the interests of John and Benjamin in the property which they finally received. In the original brief which was filed in this proceeding the parties did not clearly discuss the issue of whether or not fees to attorneys by John and Benjamin would constitute capital expenditures. *124 As we understand the facts and under our holding on the main issue presented, the logical conclusion is tha the attorneys' fees represented capital expenditures to John and Benjamin. That is a conclusion which has been stated in the Opinion. It follows that the attorneys' fees, being capital expenditures, increased the basis of the land which passed to and remained, momentarily, in John and Benjamin. The fees were to be paid in land having a value of $10.00 an acre at the time, so that, measured in dollars, the fees were $18,133.10. Petitioner has added that amount as a capital expenditure to the basis of the property which Benjamin and John contributed to petitioner in exchange for stock. This computation of the basis of their land resulted in a basis of $34,968.75. At the hearing under Rule 50, counsel for respondent suggested that to approve petitioner's recomputation would amount to duplicating an item in the computation of the basis of all the property which petitioner corporation received in exchange for its stock because, under our holding under the main issue, the result is that the attorneys contributed property to the corporation in exchange for stock which had a basis *125 of $18,133.10, and that amount has been added to the basis of the property contributed to the corporation by Benjamin and John. The argument overlooks a necessary step. There are two transactions involved and both have their respective tax consequences. John and Benjamin received valuable services from the attorneys for which they were obligated to pay fees. The attorneys had to report in their income the fees which were received and they were taxable on those fees. The second step was the creation of the corporation and the contribution of capital. The problem of arriving at the correct basis to each of the transferors of the property contributed to the corporation involves a special problem with respect to Benjamin and John because they made a capital expenditure in connection with the property which they contributed to the corporation. There is no real duplication of the type which respondent has suggested. Under separate order the recomputation submitted by petitioner is approved and decision is entered in accordance therewith. Decision Upon due consideration of the respective recomputations of the income tax liability of petitioner for the years 1939 and 1941, which have *126 been filed by the parties, petitioner's recomputation is approved. See attached memorandum. Accordingly, it is ORDERED and DECIDED: That for the year 1939 there is an overpayment in income tax in the amount of $183.83, which amount was paid within the time provided by Section 322 of the Internal Revenue Code as amended by Section 169 of the Revenue Act of 1942, as further amended by Section 509 of the Revenue Act of 1943; and that there is a deficiency in income tax for the year 1941 in the amount of $929.88.